It appears from the petition that-the plaintiff notified the motorman of his intention to alight instead of notifying the conductor. There is no reason given why he took this unusual course. It can not be told from the petition whether the defendant undertook to alight from the front or rear of the car, nor can it be told whether the ear started too soon while he was in the act of stepping off or did not stop for him at all. The allegation merely is that he was thrown while he was in the act of stepping off the car.
The court is of the opinion that on its face the petition discloses contributory negligence on the part of the plaintiff.
If the plaintiff undertook to alight from the rear end of the car after notifying the motorman of his intention to get off, he ought to have known that the motorman could not be looking after his safety; and if the petition means that he went to the front end of the car to get off from the inside step (which is the open side of the vestibule), it was equally out of the question to expect the motorman, whose attention ought to be entirely upon the management of his car, to look after his safety. Whether he was thrown while attempting to get off the car while it was in motion, or because the car started too soon, makes no difference; for in either case he had reason to apprehend danger in depending upon the motorman to operate the ear with due regard to his expressed intention to alight.
“But where there.is danger and the peril is known, whoever encounters it voluntarily and unnecessarily, can not be regarded *273 as exercising ordinary prudence and does so at Ms own risk.” Schaefler v. The City of Sandusky, 33 O. S., 246, 249.
A. Julius Freiberg, for plaintiff.
George P. Stimson, for defendant.
In other words, when a person knowingly incurs probable danger on a public conveyance without having any reason to do so and is then hurt by reason of the operation of the ear without regard to his safety, he is guilty of contributory negligence in the opinion of the court, and it will be necessary for the plaintiff in this case to either state the facts more fully so as to show that he was not guilty of contributory negligence, or comply with the rule laid down in Nolthenius v. Street Railway Company, 40 O. S., 376. That rule is to the effect that when the allegations of a petition suggest the inference that the plaintiff may have been guilty of contributory negligence, it is necessary to allege that the injury was caused without negligence on his part.
The allegation that the motorman “negligently controlled and operated the power controller and the brake of said car” so as to throw the plaintiff to the street, is a sufficient allegation of negligence on the part of the motorman. It is a sufficient allegation of negligence on the part of a defendant to state that he negligently committed the act which led to the injury for which the suit is brought. It is not necessary to aver all the minor circumstances which together go to establish the defendant’s negligence. Davis v. Guarnieri, 45 O. S., 470, 485; Railroad Co. v. Janeski, 12 C. C., 685.